UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| MEHERET G. BERHE, | ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 2:13-cv-00552-RCJ-PAL |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION et al., | ) ) ) | **ORDER** |
| Defendants. | ) ) ) | |

This is a residential foreclosure avoidance case involving one property. Defendants have moved to dismiss. For the reasons given herein, the Court grants the motion in part, with leave to amend in part.

I.  FACTS AND PROCEDURAL HISTORY

Plaintiff Meheret G. Berhe gave lender Northern Pacific Mortgage Co. a $274,000 promissory note to purchase or refinance real property at 9107 Black Maple Ave., Las Vegas, NV 89148 (the "Property"), secured by a deed of trust (the "DOT") against the Property. (*See* DOT 1–3, Aug. 25, 2005, ECF No. 5-1). Fidelity National Title was the trustee on the DOT, and Mortgage Electronic Registration Systems, Inc. ("MERS") was the lender's "nominee" and the beneficiary of the DOT. (*See id.* 2). MERS later assigned both the note and DOT to Bank of America, N.A., (*see* Assignment, Sept. 24, 2011, ECF No. 5-2), which it was empowered to do in

its dual capacity as the lender's nominee and beneficiary of the DOT, and which assignment cured any split between the note and security that existed under the terms of the DOT itself, *see Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 258–60 (Nev. 2012). Bank of America then assigned both the note and DOT—only the assignment of one instrument was necessary at this point, because Bank of America owned both instruments such that one instrument would follow the other as a matter of law, *see id.* at 257–58 (citing Restatement (Third) of Property: Mortgages § 5.4(a)–(b))—to Defendant Federal National Mortgage Association ("Fannie Mae"). (*See* Assignment, Sept. 11, 2012, ECF No. 5-3). Seterus, Inc. then purported, as attorney-in-fact for Fannie Mae, to substitute Defendant Quality Loan Service Corp. ("QLS") as trustee on the DOT. (*See* Substitution, Oct. 25, 2012, ECF No. 5-4). QLS then filed a Notice of Default (the "NOD"), along with the required Affidavit of Compliance (the "AC"), which appears to be complete. (*See* NOD and AC, Dec. 3, 2012, ECF No. 5-5). The Director of the Nevada Foreclosure Mediation Program ("FMP") issued an FMP Certificate indicating the Property was not eligible for mediation, which indicates Plaintiff was either not an owner-occupier, had surrendered the Property, or was in bankruptcy. (*See* FMP Certificate, Feb. 11, 2013, ECF No. 5-6). QLS scheduled a trustee's sale for April 2, 2013. (*See* Notice of Sale, Mar. 7, 2013, ECF No. 5-7).

Plaintiff sued Fannie Mae and QLS in this Court on four causes of action that the Court will characterize as follows: (1) quiet title based upon statutorily defective foreclosure under section 107.080; (2) declaratory relief as to alleged securities violations; (3) a qui tam action based upon anti-trust violations by MERS; (3) mortgage fraud under section 207.470. Defendants have moved to dismiss.

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). In other words, under the modern interpretation of Rule 8(a), a plaintiff must not only specify a cognizable legal theory (*Conley* review), but also must plead the facts of his own case so that the court can determine whether the plaintiff has any plausible basis for relief under the legal theory he has specified, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner*

*& Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### III.   ANALYSIS

The Court grants the motion as to all claims except the first claim for quiet title based upon statutorily defective foreclosure. There is no wrongful foreclosure claim, because there appears to be no dispute that Plaintiff is in default. As to the statutory requirements, the foreclosure appears to have been proper, except for a single defect: the Substitution of QLS as trustee was executed by an entity (non-party Seterus, Inc.) purporting to be an agent of the beneficiary (Fannie Mae), but there is no evidence that it was in fact an agent of Fannie Mae apart from Seterus's own claim of agency on the Substitution. Where this is the case, the Court has required defendants to provide evidence of the agency at the summary judgment stage.

The second and third claims for declaratory relief concerning securities violations and anti-trust violations are mostly unintelligible. To the extent they are intelligible, they consist of generalized grievances against the mortgage industry. Plaintiff may attempt to amend these claims to intelligibly plead a viable cause of action. As to the fourth claim, Plaintiff may not privately prosecute the criminal mortgage fraud statutes. The fourth claim is dismissed without leave to amend.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 5) is GRANTED IN PART and DENIED IN PART, with leave to amend in part.

IT IS SO ORDERED.

Dated this 9th day of July, 2013.

_____
ROBERT C. JONES
United States District Judge