UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| MEHERET G. BERHE, | ) | |
|         Plaintiff, | ) | |
| vs. | ) | 2:13-cv-00552-RCJ-PAL |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION et al., | ) | **ORDER** |
|         Defendants. | ) | |

This is a residential foreclosure avoidance case involving one property. Pending befoe the Court is a Motion to Reconsider (ECF No. 17). For the reasons given herein, the Court denies the motion.

Plaintiff Meheret G. Berhe gave lender Northern Pacific Mortgage Co. a $274,000 promissory note to purchase or refinance real property at 9107 Black Maple Ave., Las Vegas, NV 89148 (the "Property"), secured by a deed of trust (the "DOT") against the Property. (*See* DOT 1–3, Aug. 25, 2005, ECF No. 5-1). Fidelity National Title was the trustee on the DOT, and Mortgage Electronic Registration Systems, Inc. ("MERS") was the lender's "nominee" and the beneficiary of the DOT. (*See id.* 2). MERS later assigned both the note and DOT to Bank of America, N.A., (*see* Assignment, Sept. 24, 2011, ECF No. 5-2), which it was empowered to do in its dual capacity as the lender's nominee and beneficiary of the DOT, and which assignment

cured any split between the note and security that existed under the terms of the DOT itself, *see Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 258–60 (Nev. 2012). Bank of America then assigned both the note and DOT—only the assignment of one instrument was necessary at this point, because Bank of America owned both instruments such that one instrument would follow the other as a matter of law, *see id.* at 257–58 (citing Restatement (Third) of Property: Mortgages § 5.4(a)–(b))—to Defendant Federal National Mortgage Association ("Fannie Mae"). (*See* Assignment, Sept. 11, 2012, ECF No. 5-3). Seterus, Inc. then purported, as attorney-in-fact for Fannie Mae, to substitute Defendant Quality Loan Service Corp. ("QLS") as trustee on the DOT. (*See* Substitution, Oct. 25, 2012, ECF No. 5-4). QLS then filed a Notice of Default (the "NOD"), along with the required Affidavit of Compliance (the "AC"), which appears to be complete. (*See* NOD and AC, Dec. 3, 2012, ECF No. 5-5). The Director of the Nevada Foreclosure Mediation Program ("FMP") issued an FMP Certificate indicating the Property was not eligible for mediation, which indicates Plaintiff was either not an owner-occupier, had surrendered the Property, or was in bankruptcy. (*See* FMP Certificate, Feb. 11, 2013, ECF No. 5-6). QLS scheduled a trustee's sale for April 2, 2013. (*See* Notice of Sale, Mar. 7, 2013, ECF No. 5-7).

      Plaintiff sued Fannie Mae and QLS in this Court on four causes of action that the Court will characterize as follows: (1) quiet title based upon statutorily defective foreclosure under section 107.080; (2) declaratory relief as to alleged securities violations; (3) a qui tam action based upon anti-trust violations by MERS; (3) mortgage fraud under section 207.470. Defendants moved to dismiss. The Court granted the motion as to all claims except the first claim for quiet title based upon statutorily defective foreclosure, because the substitution of QLS as trustee was executed by an entity (non-party Seterus, Inc.) purporting to be an agent of the beneficiary (Fannie Mae), but there was no evidence that it was in fact an agent of Fannie Mae apart from Seterus's own claim of agency on the Substitution. Where this is the case, the Court

typically requires defendants to provide evidence of the agency at the summary judgment stage. The Court noted that the second and third claims for declaratory relief concerning securities violations and anti-trust violations were mostly unintelligible and that to the extent they were intelligible, they consisted of generalized grievances against the mortgage industry. The Court granted Plaintiff leave to amend those claims to intelligibly plead a viable cause of action. The Court dismissed the fourth claim without leave to amend, because Plaintiff may not privately prosecute the criminal mortgage fraud statutes. Plaintiff does not allege any error by the Court or ask the Court to reconsider any of its rulings but simply attempts to rebut certain arguments made by Defendants in their original motion and reply.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 17) is DENIED.

IT IS SO ORDERED.

Dated this 16th day of September, 2013.

_____
ROBERT C. JONES
United States District Judge